# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| RANDALL EUGENE BRUSO, <br>     Plaintiff, <br><br> vs. <br><br> THE COUNTY OF MONTGOMERY, TENNESSEE; <br> MONTGOMERY COUNTY SHERIFF'S DEPARTMENT; <br> PAT VADEN, individually and in his official capacity; <br> EDGAR PATTERSON, individually and in his official capacity; MIKE BOWERS, individually and in his official capacity; NORMAN LEWIS, SHERIFF, individually and in his official capacity as an Officer of Montgomery County; JOHN DOE, individually and in his official capacity as employed by the Montgomery County Sheriff's Department; PAUL HALE, individually; and ELIZABETH HALE, individually; <br>     Defendants, | Case No. 3:10-CV-0954 <br><br><br> JUDGE NIXON <br><br> MAGISTRATRE BRYANT |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01, Plaintiff Randall Eugene Bruso and Defendants the County of Montgomery, Tennessee, Montgomery County Sheriff's Department, et al., submit this proposed Initial Case Management Order.

### I. JURISDICTION AND VENUE

1. <u>Status of Service of Process</u>. Service of process has been completed.

2. <u>Status of Responsive Pleadings</u>. Defendants have timely filed Answers to the Complaint.

3. <u>Jurisdiction</u>. Jurisdiction over Plaintiff's civil rights claims brought pursuant to 42 USC § 1983, 1985 and 1986 is not disputed. Defendants deny that the Court should exercise pendant jurisdiction for the alleged state court causes of action.

1

## II. PARTIES' THEORIES OF THE CASE

1. <u>Theory of the Case of Plaintiff</u>

Plaintiff, Randall Eugene Bruso, submits the following theory of the case based on his original Complaint.

Plaintiff's employment with the Montgomery County Sheriff's Department was terminated in January of 2007 after nineteen (19) years of service. He was then hired by the Dickson County Sheriff's Department in October of 2007. The Dickson County Sheriff's Department terminated Plaintiff's employment in February of 2010.

Defendants Paul and Elizabeth Hale came into possession of expunged records from John Doe, an employee of Montgomery County Sheriff's Department, acting in concert with the named Defendants or as one of the named Defendants. In an attempt at retaliation for Plaintiff's involvement in Defendants Hales son's prosecution and conviction for DUI in Dickson County, Defendants attempted to use these expunged records to terminate Plaintiff's employment with Dickson County.

Plaintiff avers that the Defendants violated his civil and constitutionally guaranteed rights under the First, Fifth and Fourteenth Amendments by releasing expunged records held by the Montgomery County Sheriff's Department and for punishing Plaintiff when solicited to speak freely in regards to a department matter.

Further, Plaintiff avers that the Defendants Hale acting in concert with the other named Defendants, through their actions, have conspired to deprive Plaintiff of his constitutionally guaranteed rights, and during the course of said conspiracy have committed acts in furtherance thereof. Defendants subjected Plaintiff to all such deprivations intentionally, with malice or a reckless disregard for Plaintiff's rights.

Plaintiff also avers that the record would show continuing egregious, abusive and reckless actions on the part of the Defendants against Plaintiff, both prior to the release of the expunged records and following said release.

Plaintiff is entitled to recover all damages proximately caused by wrongful conduct of Defendants pursuant to 42 U.S.C. 1983, 1985, and 1986, as well as reasonable attorney's fees pursuant to 42 U.S.C. §1988.

2. <u>Theory of the Case of Defendants Montgomery County, Tennessee, Pat Vaden, Edgar Patterson, Mike Bowers and Norman Lewis</u>

Defendants, Montgomery County, Tennessee; Pat Vaden, in his official and individual capacities; Edgar Patterson, in his official and individual capacities; Mike Bowers, in his official and individual capacities; and Norman Lewis, in his official and individual capacities, submit the following theory of the case based upon the original Complaint as filed on October 12, 2010.

The Plaintiff, Randy Bruso, was a member of the Montgomery County Sheriff's Office for approximately 19 years. Plaintiff's employment was terminated on January 4, 2007.

Defendants aver that Plaintiff has failed to allege a cause of action against these Defendants. Defendants further deny any violation of Plaintiff's rights under the First, Fifth, or Fourteenth Amendments to the Constitution of the United States pursuant to the Civil Rights Act, 42 USC § 1983, 1985 and 1986. Specifically, Defendants deny any violation of due process rights, retaliation for the exercise of free speech, failure to protect, and deprivation of liberty and property. Defendants further deny any invasion of privacy, conspiracy, failure to protect, intentional interference with business relationships, outrageous conduct, or civil conspiracy.

3

It is denied that the Montgomery County Sheriff's Department is a separate, sueable entity as set forth in the Complaint; rather, it is a department of Montgomery County, Tennessee. Moreover, the Plaintiff's complaints are based upon instances that occurred more than one (1) year prior to the filing of the suit and are therefore barred by the statute of limitations under 42 U.S.C. § 1983 and Tennessee Code Annotated § 28-3-104.

The Defendants assert that there is no vicarious liability or respondeat superior theory of recovery against Montgomery County, Tennessee pursuant to 42 U.S.C. § 1983, and assert that liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who is alleged to have engaged in some form of unconstitutional conduct. Moreover, service of process cannot be made on a fictitious party. The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitations. To the extent Plaintiff has sued the fictitious party "John Doe", Plaintiff has failed to properly identify and sue an individual who was acting under color of law. Defendants further aver that the individually named Defendants are entitled to qualified immunity.

Should the Court exercise supplemental jurisdiction over the Plaintiff's state law claims, the same must be in accordance with the Tennessee Governmental Tort Liability Act ("TGTLA"). Defendants are entitled to all defenses and immunities available under the TGLTA. Specifically, Defendants are immune from liability for any alleged injury proximately caused by a negligent act or omission of its employee arising out of the performance of a discretionary function, any intentional act or violation of civil rights.

3. <u>Theory of the Case of Defendants Paul Hale and Elizabeth Hale</u>

Defendants Paul and Elizabeth Hale would state that the court lacks subject matter

jurisdiction because they are private citizens and the claims against them are based solely on state law claims not federal claims.

Further, Defendants would state that the court lacks supplemental jurisdiction and should decline to exercise such over Paul and Elizabeth Hale. Defendants Hale were not employed by the Montgomery County Sheriff's Office and would therefore not be responsible or involved in the employment training or supervision of the other named Defendants.

Defendants would also assert that the Plaintiff's claim against the Hales with regard to legality and efficacy of the release of records expunged under state law is a novel issue of state law in that they fall within a small category of cases controlled solely by Tennessee State Statutory and case law, and not general tort of legal principles.

Finally, Defendants would state that exceptional circumstances exist for the Court to decline jurisdiction in this matter with regards to the Hales in that the Defendants would be inordinately burdened and prejudiced by having to defend this action in Federal Court and that the Plaintiff is a public employee and law enforcement officer.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

A. <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

B. <u>Other Pretrial Discovery Matters</u>

1. As determined at the case management conference on **Wednesday, January 19, 2011**, the parties will be ready for trial by April, 2012. The parties expect the trial to last approximately 4 days.

2. All discovery shall be completed on or before **August 5, 2011**. All written discovery shall be submitted in sufficient time so that the response shall be in hand on or before **July 5, 2011**. There shall be no stay of discovery pending disposition of any motions.

3. All dispositive motions shall be filed on or before **October 14, 2011**, and any response thereto shall be filed on or before 30 days after the filing of the motion. Any reply shall be filed on or before 14 days after the filing of the response.

4. Any motion to amend the pleadings is due on or before **March 1, 2011**.

5. Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories per party. Subparts of a question shall be counted as additional questions for purposes of the overall number.

6. On or before **August 1, 2011**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **October 3, 2011**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

The parties shall depose all expert witnesses on or before **October 31, 2011**.

Any supplements to expert reports shall be filed on or before **November 16, 2011**. There shall not be any rebuttal expert witnesses.

Jury trial is set to begin on **March 6, 2012, at 9:00 a.m.** A pretrial conference shall be held on **February 24, 2012, at 10:00 a.m.** Judge Nixon will issue a separate order setting forth his requirements for both the trial and pretrial conference.

It is so ORDERED.

                              ***s/ John S. Bryant***
                              Magistrate Judge John S. Bryant

SUBMITTED FOR ENTRY BY:

*/s/ Thomas J. Hendrickson III*
Thomas J. Hendrickson III #027839
Baker Law Group, PLLC
306 42nd Avenue North
Nashville, TN 37209
Telephone: (615)739-5820
Fax: (615)739-5821
tjh@bakerwinton.com
*Attorney for Plaintiff Randall Eugene Bruso*


John T. Maher #19486
The Kennedy Law Firm, PLLC
127 S. Third Street
Clarksville, TN 37040
Telephone: (931) 645-9900
*Attorneys for Defendant Paul and Elizabeth Hale*


*Mark Nolan*
Mark Nolan, BPR No. 15859
Batson Nolan, PLC
121 South Third Street
P.O. Box O
Clarksville, TN 37041-1501
Telephone: (931) 647-1501
Fax: (931) 553-0153
*Attorney for Defendants Montgomery County, Pat Vaden, Edgar Patterson, Mike Bowers and Sheriff Norman Lewis*