IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDALL EUGENE BRUSO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE COUNTY OF MONTGOMERY, ) | |
| TENNESSEE; MONTGOMERY COUNTY ) | No. 3:10-cv-0954 |
| SHERIFF'S DEPARTMENT; PAT VADEN, ) | Judge Nixon |
| individually and in his official capacity; EDGAR ) | Magistrate Judge Bryant |
| PATTERSON, individually and in his official ) | |
| capacity; MIKE BOWERS, individually and in ) | |
| his official capacity; NORMAN LEWIS, ) | JURY DEMAND |
| SHERIFF, individually and in his official ) | |
| capacity as an Officer of Montgomery County; ) | |
| JOHN DOE, individually and in his official ) | |
| capacity as employed by the Montgomery ) | |
| County Sheriff's Department; PAUL HALE, ) | |
| individually; and ELIZABETH HALE, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Pending before the Court is Defendants Paul Hale and Elizabeth Hale's (the "Hales") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion"). (Doc. No. 14.) Plaintiff Eugene Bruso ("Plaintiff") filed a Response in Opposition to the Hales' Motion ("Response"). (Doc. No. 12.) For the reasons stated below, the Hales' Motion is **DENIED**.

## I. BACKGROUND

*A. Factual Background*[1]

Plaintiff's Complaint contains myriad allegations regarding the Hales and the other defendants named in this case, so the Court summarizes below only the facts necessary to provide context for the Hales' Motion.

Plaintiff was a police officer employed by the Montgomery County Sheriff's Department ("MCSD") for approximately nineteen years before his firing on January 4, 2007. Following his termination, Plaintiff taped conversations with several employees and former employees of MCSD to obtain evidence of what he believed was a retaliatory firing and to document other "alleged illegal activities." One of the subjects of these taped conversations was Defendant Edgar Patterson.

After his firing from MCSD, the Dickson County Sheriff's Department ("DCSD") hired Plaintiff as a deputy on October 9, 2007. On January 14, 2008, Defendant Patterson called to confront Plaintiff after learning that Plaintiff had been taping their conversations. During this conversation, Defendant Patterson told Plaintiff he could ensure that Plaintiff "would never be a cop again" and could get him fired from DCSD "by simply making a phone call."

On May 18, 2008, Plaintiff arrested the Hales' son for driving under the influence in Dickson County and, as the arresting officer, testified at his subsequent trial. The Hales' son was convicted of the offense, and as a result he lost his job as a medic for Dickson County. Following his son's trial, Defendant Paul Hale began making inquiries into Plaintiff's personal information. He requested Plaintiff's employment records from DCSD, copies of which Dickson

---

[1] All facts are drawn from Plaintiff's Complaint (Doc. No. 1) unless otherwise stated.

County Attorney Timothy V. Potter delivered to Mr. Hale on August 24, 2009 with certain portions of Plaintiff's personal information redacted.

It appears Mr. Hale also sought Plaintiff's personal information from his former employer, MCSD. On October 12, 2009, Plaintiff's superiors at DCSD, Dickson County Sheriff Tom Wall and Deputy Chief Bowker, met with Plaintiff to inform him that Defendant Paul Hale had come to see them a few days prior. Plaintiff's superiors told him that Mr. Hale had attempted to pressure them into firing Plaintiff by showing them copies of Plaintiff's records from his time at MCSD—records that contained personal and confidential information regarding Plaintiff—and by threatening to make the contents public if DCSD did not fire Plaintiff. Sheriff Wall and Deputy Bowker realized that these documents contained information regarding Plaintiff that was to have been expunged and warned Mr. Hale that he was potentially in violation of a Tennessee law forbidding the release of expunged records. Mr. Hale told Plaintiff's superiors that he had obtained the records directly from someone at MCSD.[2] Plaintiff later taped conversations with a Montgomery County Magistrate and with the Montgomery County Jail Administrator, both of whom told Plaintiff that the release of the records to the Hales was a part of a campaign by MCSD to harm Plaintiff and to get him fired.

Six days later, the Hales filed a police report with DCSD alleging that a deputy at DCSD had vandalized their mailbox. Defendant Elizabeth Hale told the responding deputy that she believed an unnamed deputy at the department was targeting her family. However, Mrs. Hale would not say who she thought the person to be, stating only that "she would take care of it."

On January 29, 2010, Plaintiff was involved in an incident at a market in Montgomery County involving his ex-girlfriend, her husband, and her ex-husband, one of whom later filed a

---

[2] This unnamed person is listed in the Complaint as Defendant John Doe.

police report with MCSD. Plaintiff's supervisor at DCSD advised Plaintiff to contact MCSD to offer his statement, and Plaintiff called Defendant Patterson, who told Plaintiff he would send an officer to take Plaintiff's statement whom Plaintiff could trust. Three MCSD deputies came to Plaintiff's house and wrote a report of the incident in which the alleged facts of the dispute "were exaggerated and in an unfavorable tone against Plaintiff." A copy of the report was sent to DCSD. As a result of the report, Plaintiff was fired from DCSD on February 10, 2010.

*B. Procedural Background*

Plaintiff filed this action on October 12, 2010, naming as defendants Montgomery County, the Montgomery County Sheriff's Department, MCSD Lieutenant Pat Vaden, MCSD employee Edgar Patterson,[3] MCSD Captain Mike Bowers, MCSD Sheriff Norman Lewis, the unnamed MCSD employee John Doe, Paul Hale, and Elizabeth Hale. Plaintiff claims that his rights were violated under 42 U.S.C. § 1983 as a result of the acts of each and every defendant listed in the complaint. In count four of the Complaint, Plaintiff claims that the named defendants, including the Hales, conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985. Plaintiff also makes four state-law claims against the Hales: liability for violating a Tennessee statute, Tenn. Code Ann. § 40-32-101, which prohibits the release of expunged records; invasion of privacy; intentional interference with business relationships; and outrageous conduct. The Hales filed a Motion to Dismiss in error on November 11, 2010, which was terminated the next day. (Doc. No 3.) The Hales' filed the instant Motion on December 14, 2010. (Doc. No 14.) The Plaintiff filed his Response in Opposition to the Motion on December 13, 2010. (Doc. No. 12.)

---

[3] In Defendant Patterson's answer he is referred to as "Chief" Patterson. (Doc. No. 11 at 7.)

**II. ANALYSIS**

The Hales appear to make three arguments in their motion. First, the Hales claim that the Court lacks subject matter jurisdiction over any of Plaintiff's claims against them because Plaintiff has not alleged a federal cause of action against them. (Doc. No. 14 at 2.) Second, the Hales argue that Plaintiff's state-law claims against them are not so related to the federal claims against the other defendants as to form a part of the same case or controversy, such that the Court lacks grounds for exercising supplemental jurisdiction over the claims against the Hales. (*Id.* at 1.) Third, the Hales argue that the Court should use its discretion to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims against them even if those claims form part of the same case or controversy as the federal claims over which the Court has original jurisdiction. (*Id.* at 2.)

In his Response, Plaintiff argues that he has alleged federal claims against the Hales and that the state and federal claims arise out of a common nucleus of operative facts. (Doc. No. 12 at 1-2.) Therefore, Plaintiff argues, the claims form a part of the same case or controversy, and the exercise of supplemental jurisdiction is proper under 28 U.S.C. § 1367(a). (*Id.*) Second, Plaintiff responds that the Court should not decline to exercise supplemental jurisdiction because the state law claims are not novel or complex, because the Hales failed to explain how they would be inordinately burdened or prejudiced, and because trying all the related claims together in one proceeding serves the interests of judicial economy. (*Id.*)

*A. Existence of Original Jurisdiction over Plaintiff's Claims Against the Hales*

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In their Motion, the Hales state that Plaintiff "claims no federal law violation" against them and that Plaintiff's only

5

claims against them are based in state law, such that this Court lacks original jurisdiction over them. (Doc No. 14 at 1.) In support of this assertion, the Hales make two arguments: first, that Plaintiff "makes no allegation that the Hales were involved in the employment, training, control, or supervision of other named Defendants" and, second, that Plaintiff "makes no allegation that the Hales released or had the ability to retrieve or release expunged records held by the [MCSD]." (*Id.* at 2.)

The Court assumes the Hales' first argument is intended to demonstrate that Plaintiff has not named the Hales in his claim under 42 U.S.C. § 1983 for violations of his rights under color of state law. However, in his § 1983 claim, Plaintiff states, "As a direct and proximate result of the actions of each and every Defendant, Plaintiff has been deprived of his civil rights." (Doc. No. 1. at 14.) The Court finds that the phrase "each and every Defendant" is sufficient to include the Hales as defendants for the § 1983 claim. This is a claim arising from a federal statute over which the Court has original jurisdiction. Any further challenge to the adequacy of the Complaint should be addressed in a motion under Federal Rule of Civil Procedure 12(b)(6).

The Hales' argument that Plaintiff did not allege they had a role in the release of Plaintiff's expunged records is also without merit. In his Complaint, Plaintiff alleges, "Defendant Paul Hale proceeded to show Sheriff Wall and Deputy Sheriff Bowker several papers they recognized as expunged records concerning Plaintiff from the [MCSD] . . . . Defendant Paul Hale told Sheriff Wall that he had retrieved the expunged records directly from an unnamed person, Defendant John Doe, who was employed by the [MCSD]." (Doc. No. 1 at 4.) These allegations form the basis of Plaintiff's claim of conspiracy to interfere with his civil rights, which is a federal claim over which the Court has original jurisdiction. Plaintiff argues that his use of the phrase "named defendants" in his Complaint (*id.* at 17) includes the Hales

(Doc. No. 12 at 2). The Court agrees. This language is sufficient to include the Hales as defendants to Plaintiff's § 1985 claim. Again, further challenges to the adequacy of the Complaint must be addressed in a motion under Rule 12(b)(6).

   *B. Existence of Supplemental Jurisdiction over Plaintiff's State-Law Claims*

While it is the Hales' assertion that the relationship between Plaintiff's termination and the Hales' actions is not "significant" enough to allow supplemental jurisdiction over the state-law claims against them, this is not the correct test for whether supplemental jurisdiction is permissible. The legal standard is whether the state-law claims are part of the same "case or controversy" as the federal claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). If there is a basis for original jurisdiction, the "default assumption" is that the court will exercise supplemental jurisdiction over all claims that form part of the same case or controversy. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998). Federal and state claims are part of the same case or controversy when they "derive from a common nucleus of operative fact" or if they "are such that [Plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725. Claims are also considered to form part of the same case or controversy when they "revolve around a central fact pattern." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *White v. Cnty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993)).

Here, the federal claims against the Hales arise from their allegedly having acquired Plaintiff's expunged records and then having released them to third parties. These same alleged acts form the basis of Plaintiff's state-law claims against the Hales: the violation of the state statute barring the release of expunged records, invasion of privacy, intentional interference with business relationships, and outrageous conduct. Establishing the facts surrounding both sets of

claims will involve gathering evidence from the same witnesses, including the Hales, the official named as John Doe in Plaintiff's Complaint and possibly other employees of MCSD, and the employees of DCSD with whom the Hales allegedly shared Plaintiff's expunged records. Because the same facts and witnesses underlie both the state and federal claims, the claims form a part of the same case or controversy. Since the Court has original jurisdiction over the federal claims alleged against the Hales, it may exercise supplemental jurisdiction over the related state-law claims.

*C. The Court's Discretion to Exercise Supplemental Jurisdiction*

Even when a district court may exercise supplemental jurisdiction over state-law claims, it still may decline to do so pursuant to 28 U.S.C. § 1367(c). In determining whether to exercise supplemental jurisdiction over the related state-law claims, a court weighs several factors, "including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In so doing, the Court must balance the goal of avoiding multiplicity of litigation against that of needlessly deciding unsettled issues of state law. *Gamel*, 625 F.3d at 952. The Court should consider four factors, which are imported from *United Mine Workers v. Gibbs* and codified in § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Hales cite three of these factors in support of their argument that the Court should decline to exercise supplemental jurisdiction over the state law claims: that the state-law claims

8

are novel, that those claims substantially predominate over the federal claims, and that there are exceptional circumstances and compelling reasons for declining jurisdiction. (Doc. No. 14 at 2.)

The Hales first argue that the state-law claims present a novel issue of state law because they stem from the release of expunged records, a violation of Tenn. Code Ann. § 40-32-101 which, they assert, is only addressed by a small category of cases. (*Id.*) While it may be true that there are few civil cases arising specifically from violations of this particular statute, there is at least one Tennessee Court of Appeals case that directly addresses the legal issues arising from the release of expunged records, including claims similar to Plaintiff's. *See Fann v. City of Fairview*, 905 S.W. 2d 167 (Tenn. Ct. App. 1994) (adjudicating allegations of invasion of privacy, outrageous conduct, and violations of the plaintiff's rights under a 42 U.S.C. § 1983 claim arising from the defendant's violation of Tenn. Code Ann. § 40-32-101). Therefore, although there is not a wealth of precedent addressing violations of the expunged records statute, the issue is not a novel one.

Secondly, the Hales argue that Plaintiff's state-law claims substantially predominate over the federal claims. (Doc. No. 14 at 2.) In *Gibbs*, the Supreme Court explained that if the state claims substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice." 383 U.S. at 726. The Court's inquiry into whether state-law claims substantially predominate may address whether the state claims are more salient than the federal claims or whether the judicial resources will be devoted primarily to adjudicating the issues of the state claims. *See Daenzer v. Wayland Ford, Inc.*, 193 F. Supp. 2d 1030, 1043 (W.D. Mich. 2002). State-law claims do not predominate when the adjudication of those claims will likely require the same witnesses, evidence, and determination of the same or similar facts as the adjudication of the

9

federal claims. *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1565-66 (S.D. Fla. 1996) (quoting *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563-64 (llth Cir. 1994)).

In this case, it is the same set of alleged actions—the acquisition and release of Plaintiff's expunged records—that gives rise to the harms forming the basis Plaintiff's state and federal claims against the Hales. Although adjudicating each claim will naturally involve addressing legal issues that differ, the determination of the facts for each of the claims, both state and federal, will mostly involve weighing common evidence. In terms of judicial economy, it would be wasteful for those common issues to be adjudicated in both state and federal court. The aim of preserving time and resources by trying the federal and state-law claims together outweighs whatever additional resources might be devoted to resolving the issues of state law that are distinct from those of the federal claims.

Finally, the Hales argue that this case involves exceptional circumstances and that there are compelling reasons for the Court to decline supplemental jurisdiction. (Doc. No. 14 at 2.) First, the Hales argue that compelling reasons exist for declining to exercise supplemental jurisdiction because they would be inordinately burdened and prejudiced by having the claims against them tried together with those alleged against the other defendants. (*Id.*) Second, the Hales argue that these are exceptional circumstances because the Hales were exercising their First Amendment rights in order to achieve redress against a government official. (*Id.*) Because Plaintiff is a public employee and police officer, the Hales argue, allowing this suit against two private citizens would have a "chilling effect" on freedom of speech. (*Id.*)

"Compelling reasons" are those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity—the same reasons

that give rise to the factors of 28 U.S.C. § 1367(c)(1-3). *Exec. Software N. Am. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994) (quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7) *overruled on other grounds*, *Cal. Dep't of Water Res. v. Powerex Corp.* 533 F.3d 1087, 1093 (9th Cir. 2008) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715 (1996)); *Walker v. City of Detroit*, No. 10-13179, 2010 U.S. Dist. LEXIS 113176, at *6 (E.D. Mich. Oct. 25, 2010). While the Hales assert that they would face an inordinate burden and prejudice if they were to be joined with the other defendants, they do not state any basis for this assertion. (Doc. No. 14 at 2.) There might have been merit to their argument if no federal claims were alleged against the Hales and the exercise of supplemental jurisdiction would require them to appear in federal court alongside defendants facing an entirely separate set of claims. However, the §§ 1983 and 1985 claims are alleged against both the Hales and the other defendants. (Doc. No. 1 at 15, 17.) In the absence of other stated grounds for the Hales' assertion they would be burdened and prejudiced, the Court finds there are not compelling reasons for declining to exercise supplemental jurisdiction.

Additionally, in order for the Court to decline to exercise supplemental jurisdiction based on compelling reasons, the circumstances must be exceptional. *Exec. Software*, 24 F.3d at 1557. The Hales' Motion argues that such circumstances exist because they are private citizens being sued by a public official for exercising their free speech rights. (Doc. No. 14 at 2.) Without assessing whether the Hales may have a constitutional right to release the expunged records, the Court finds that their argument fails, as Plaintiff points out in his Response that he is suing as a private citizen and not in any official capacity. (Doc. No. 12 at 3.)

Because the Hales have not demonstrated that there are exceptional circumstances or compelling reasons not to exercise supplemental jurisdiction, and because the issues of state law

are neither novel nor do they predominate over the federal claims, the Court will not decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Hales' Motion.

It is so ORDERED.

Entered this the __21st_____ day of July, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT